|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |

| | |
|---|---|
| HEALTH MEDICARE ULTRA, INC., | |
| Plaintiff, | Civil No. 07-1743 (JAF) |
| v. | |
| U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, | |
| Defendant. | |

**O R D E R**

Plaintiff, Health Medicare Ultra, Inc., brings this action against Defendant, the Department of Health & Human Resources ("DHHS"), seeking declaratory judgment and injunctive relief. Docket Document No. 1-1. Plaintiff now moves for a preliminary injunction ordering Defendant to accept Plaintiff's late bid submission for Medicare programs. Docket Document No. 2. Defendant opposes, Docket Document No. 7, and Plaintiff replies, Docket Document No. 9.

Plaintiff provided Medicare and Medicaid services for residents in the Utuado region of Puerto Rico in 2007 through a contract with DHHS' Center for Medicare & Medicaid Services ("CMS"). Docket Document No. 2. Plaintiff hired an actuarial firm, Milliman, to assist with its bid for a 2008 contract. Id. The statutory deadline for 2008 bid submissions was June 4, 2007. 42 U.S.C. §§ 1395w-24(a)(1)(A), 1395w-111(b)(1) (2006) (setting the deadline as the first Monday in June). Plaintiff, however, did not receive the necessary data from Milliman until June 5, 2007, and, therefore, did

Civil No. 07-1743 (JAF)                                                               -2-

not complete its bid submission until June 6, 2007. <u>Docket Document No. 2</u>. On June 12, 2007, CMS informed Plaintiff that CMS would not accept Plaintiff's bid because it failed to meet the statutory deadline. <u>Id.</u> On June 19, 2007, Plaintiff received a letter stating that it had conditionally qualified as a contractor, but that it must observe the statutory deadline. <u>Id.</u>

Plaintiff sought reconsideration of the decision to reject its bid, which CMS denied on July 3, 2007. <u>Id.</u> On August 20, 2007, Plaintiff filed a complaint in federal district court, <u>Docket Document No. 1-1</u>, and moved for a preliminary injunction ordering Defendant to accept Plaintiff's bid submission, <u>Docket Document No. 2</u>. Defendant opposed the motion on September 14, 2007. <u>Docket Document No. 7</u>. Plaintiff replied on September 28, 2007. <u>Docket Document No. 10</u>.

Section 422.254(a)(3) of the Code of Federal Regulations provides that "[i]f a bid submission . . . is not complete, timely, or accurate, CMS has the authority to impose . . . sanctions . . . or may choose not to renew the contract." 42 C.F.R. § 422.254(a)(3) (2007). Plaintiff argues that this regulation gives Defendant discretion, in the event of a late submission, either to impose sanctions or to choose "not to renew the contract." <u>Docket Document No. 2</u> (citing § 422.254(a)(3)). Plaintiff contends that, given these options, Defendant's decision to reject Plaintiff's bid was "arbitrary and capricious" and that we should, therefore, overturn it. <u>Id.</u>

Defendant counters that Title XVIII of the Social Security Act governs bid submissions and imposes a mandatory statutory deadline of no later than the first Monday in June. Docket Document No. 7 (citing §§ 1395w-24(a)(1)(A), 1395w-111(b)(1)). Defendant further argues that § 422.254(a)(3) does not apply in the present case because the word "timely" does not refer to the bid submission itself, but to the nature of the information within it. Id. Plaintiff responds that we must interpret the regulation based on its plain language. Docket Document No. 10.

We need not reach the question of the exact meaning of § 422.254(a)(3), however, because we find that under either interpretation, Defendant has authority to reject the bid submission. On one hand, Defendant may reject the bid based on §§ 1395w-24(a)(1)(A) and 1395w-111(b)(1), which provide that bids must be submitted by the first Monday in June. §§ 1395w-24(a)(1)(A), 1395w-111(b)(1). On the other hand, given the options provided by § 422.254(a)(3), Defendant could, by choosing not to renew Plaintiff's contract, also reject Plaintiff's bid. § 422.254(a)(3). Because Defendant acted with statutory authority, we do not find its decision to be arbitrary and capricious and, accordingly, deny Plaintiff's motion for preliminary injunction, Docket Document No. 2.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of October, 2007.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge